Filed 7/9/21  P. v. Beck CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073170 |
| v. | (Super.Ct.No. BAF1800617) |
| SCOTT EDWARD BECK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Dismissed.

Law Office of Marend M. Garrett and Marend M. Garret for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Scott Edward Beck appeals from an order of the Riverside County Superior Court sentencing him to the upper term of 66 months in prison

1

after a jury convicted him of attempted voluntary manslaughter. Defendant's sole argument on appeal is he should have been sentenced to a lesser term because the court erred when it found he induced family members to participate in the commission of the crime. We find the issue forfeited and dismiss the appeal.

## BACKGROUND

In May 2018 defendant's household included his wife as well as his adult stepdaughter and two stepsons. He and his wife sold methamphetamine. One of their customers was the victim, who over the course of his relationship with the family, became involved with defendant's stepdaughter against the wishes of defendant and his wife. They told the victim not to come to their home anymore, but he would nevertheless sneak into the house and spend the night with the stepdaughter several times a week.

In the wee hours of a morning in May 2018, defendant noticed the surveillance camera monitoring a side door access into the stepdaughter's room had been disabled. Assuming the victim was in the house, defendant alerted his wife and stepson and, armed with a .22-caliber long rifle, entered the stepdaughter's bedroom demanding to know who was there. His wife also came into the bedroom, pulled back the comforter to expose the victim hiding under the covers wearing only his underwear. Defendant and his wife yelled at the victim, who knelt on the bed. The victim explained he loved the stepdaughter and asked defendant to let him go or to call the police. Defendant pointed the gun at the victim, but the stepdaughter stepped in front of him. When the stepdaughter got out of the way, defendant jammed the barrel of the gun into the victim's

2

head, causing him to bleed "pretty bad." Defendant's wife told defendant to shoot the victim, and he did, hitting the victim on the top of his head.

The victim suffered a brain hemorrhage and a stroke as a result of his injuries, which required surgical intervention. He was left with bullet fragments in his brain that were not able to be removed, severe scarring, and enduring problems with headaches, memory loss, stuttering, and social anxiety.

Defendant was arrested and charged with attempted murder with an enhancement for intentional discharge of a firearm causing great bodily injury in violation of Penal Code sections 664, 187, subdivision (a), and 12022.53, subdivisions (d) and (g), respectively.[1]

At trial, defendant admitted arming himself with the rifle but said he intended only to confront and scare the victim and hold him until the police arrived. According to defendant, the victim caused the firearm to discharge when he knocked into it when he tried to hit defendant's wife. The court found that testimony not credible.

A jury did not find defendant guilty of attempted murder but convicted him of the lesser included offense of attempted voluntary manslaughter. (§§ 664, 192, subd. (a).) The trial court sentenced defendant to a state prison term of 66 months. Defendant appealed.

---

[1] All statutory references are to the Penal Code and rule references are to the California Rules of Court.

**DISCUSSION**

On appeal, defendant challenges the imposition of the high term of five and one-half years for voluntary manslaughter rather than the three and one-half years recommended by the probation officer. He argues the court chose the high term based upon the finding he induced his family to participate in the crime, a finding he claims cannot possibly be supported by the evidence because the crime the jury convicted him of was one involving a killing resulting from a sudden quarrel or is committed in the heat of passion.

The People argue defendant forfeited his right to challenge the trial court's reasoning for imposition of the upper term by failing to object. We agree.

In cases like the present one in which a trial court must impose punishment in a case coming within the determinate sentencing provisions (§ 1170 et seq.), it is generally afforded broad discretion to tailor the sentence to the particular circumstances presented. (*People v. Scott* (1994) 9 Cal.4th 331, 349.) The discretion includes whether to impose the lower or upper term rather than middle term of imprisonment prescribed by statute. (*Id.* at pp. 349-350; § 1170, subd. (b).) The court is required to articulate on the record at the time of sentencing the reasons for its choice of punishment such as circumstances in aggravation or mitigation. (§ 1170, subds. (b), (c); Rules 4.421, 4.423.)

A party who was given an adequate and meaningful opportunity to seek clarifications or changes in the sentence or otherwise object to the trial court's sentencing choices or the reasons it articulates in support of them forfeits the right to challenge the sentence on appeal. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

4

Here, the probation department recommended defendant receive the middle term of three years. The People's sentencing brief called for imposition of the upper term of 66 months and included the fact defendant involved his wife and stepson in trying to catch the victim as factors in aggravation. In his sentencing memorandum, defendant argued he should receive the lower term of 18 months because he was defending his family when he injured the victim, he learned his lesson, he did not have a criminal history, and he was not in good health.

At the hearing, the People argued first and reiterated defendant's involvement of his family as one of the reasons the court should select the upper term. When he argued, defendant made no mention of the People's argument. His argument instead focused solely on his theory that the victim provoked the situation that led to a terrible accident and how his incarceration up until that point had already caused severe economic hardship for him and his disabled wife.

At the close of arguments, the court found the case presented five of the aggravating factors relating to the crime set forth in rule 4.421(a). One of those factors was, "[t]he defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission." (Rule 4.421(a)(4).) In support of that finding, the court noted defendant directed family members to find and locate the victim on the property, including the participation of defendant's wife who encouraged defendant to shoot the victim. After identifying all the aggravating and mitigating factors it was considering, and stating they would form the bases of its determination of the appropriate term, the court inquired of the parties if there

5

was any reason judgment should not then be pronounced. Defendant's counsel said, "No." Thereafter, the court imposed the upper term of 66 months and engaged counsel in a discussion of how credits were to be calculated.

It is clear from the foregoing that defendant had ample time to object to consideration of the rule 4.421(a)(4) inducement/leadership factor. The People had raised it in their brief filed and served in advance of the hearing. They raised the factor again at the hearing. Even so, defendant did not address that subject in his argument. And, when the court invited the parties to address the factors it identified as under consideration—including the inducement of others—before announcing the sentence, defendant declined. After it announced the sentence, the court engaged counsel in discussion on matters relating to the sentencing, during which time defendant could have raised the issue. Accordingly, we find defendant has forfeited his right to challenge the court's finding he induced his family members to participate in the commission of the crime.

Even if the issue was not forfeited, defendant would not prevail. His sole argument on appeal is he should have been sentenced to a lesser term because the evidence is insufficient to support the finding he induced family members to participate in commission the attempted killing of the victim. The insufficiency of the evidence claim is bottomed on the proposition the finding is necessarily erroneous because it is impossible to reconcile it with the jury's conclusion that he had attempted to kill the victim "because of a sudden quarrel or in the heat of passion." The claim lacks factual and legal support.

6

Contrary to defendant's suggestion, a sudden quarrel or heat of passion is not necessarily a momentary event. Rather, a person's heat of passion may persist until enough time passes for the passions to cool off and for judgment to be restored. (*People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1139.) The record reveals that, when defendant concluded the victim was likely in the home, his passions were incited. Upset and angry, he alerted his wife and stepson and enlisted their assistance and grabbed his rifle. He also unlocked the sliding glass door into the stepdaughter's room to permit the stepson's entry after the victim was located. Thereafter, he hit victim with the rifle and shot him.

Moreover, if the court had erred in finding defendant induced family members to participate in the commission of the crime, the error was harmless because the court found other factors in aggravation that support its sentencing choice. The factors relating to the crime were: (i) it involved great violence and great bodily harm such that it is not clear the victim will ever recuperate from the physical injuries or from the significant changes in his personality and his personhood resulting from the attack; (ii) defendant was armed and used a weapon in the commission of the crime; and (iii) the victim was particularly vulnerable as he was not armed and was kneeling on the bed wearing only his underwear (or was "close to being in his underwear") when defendant shot him. (Rule 4.421(a)(1)-(3).) The court also found defendant engaged in violent conduct that indicates a serious danger to society, an aggravating factor set forth in rule 4.421(b)(1).

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.